UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

PATRICK PARILLON                          *
            Plaintiff                     *
                                          *
      v.                                  *          CIVIL NO. L-09-3352
                                          *
FREMONT INVESTMENT & LOAN,                *
et al.                                    *
            Defendants                    *
                                   *******

## MEMORANDUM

This cases arises out of a foreclosure.  On April 18, 2006, pro se plaintiff Patrick Parillon

obtained a $412,250 loan from Defendant Fremont Investment & Loan ("Fremont").  Parillon

also executed a Deed of Trust granting Fremont a lien against his residence, 700 Sonne Drive,

Annapolis, Maryland.  See Compl. Ex. 2.  The Deed designated Defendant Friedman & Mac

Fayden, P.A. ("F&M") as the Trustee and Defendant MERS, Inc. ("MERS") as the beneficiary

of the agreement.  Id.

On December 9, 2009, Parillon received a Notice of Intent to Foreclose from Defendant

Litton Loan Servicing LP ("Litton").  See Compl. Ex. 1.  The Notice stated that the foreclosing

parties are Defendant HSBC Bank USA, National Association ("HSBC"), as Trustee under a

"Pooling and Servicing Agreement," and Defendant Ace Securities Corp. Home Equity Loan

Trust ("ACE").  Id.

Parillon filed his Complaint on December 15, 2009.[1]  Now pending are motions to

dismiss by Fremont (Docket No. 13), Litton (Docket No. 6), MERS, and Wells Fargo (Docket

---

[1] Parillon also named Does 1 to 250 in his Complaint.

No 10).[2]  No hearing is necessary to decide this matter.  Local Rule 105.6 (D. Md. 2008).  For

the reasons stated herein, the Court will, by separate Order of even date, GRANT the motions.

## I.       Discussion

Parillon's Complaint contains eight counts, which are as follows: claim for quiet title

(Count One); claim under the Maryland Protection of Homeowners in Foreclosure Act for

recission of the loan agreement and damages (Count Two); claim for recission based on fraud

(Count Three); claim under the Fair Debt Collection Practices Act for injunctive relief (Count

Four); claims under the Real Estate Settlement Procedures Act and the Truth in Lending Act for

damages and injunctive relief (Count Five); claim for breach of fiduciary duty (Count Six); claim

for breach of contract (Count Seven); claim under the Truth in Lending Act for engaging in a

prohibited practice (Count Eight).

Litton filed its motion to dismiss on February 16, 2010; MERS and Wells Fargo filed

their motion to dismiss on February 25, 2010, and Fremont filed its motion to dismiss on

February 26, 2010.  Although more than twenty-five days have passed since the latest motion

was filed, Parillon has neither filed an opposition nor requested an extension.  In fact, he has not

communicated with the Court since filing his Complaint.  The Complaint could be dismissed on

this ground alone.  Nevertheless, the Court will examine the Complaint to determine whether it

has any ostensible merit.

---

[2] On March 2, 2010, the Court granted F&M's unopposed motion to quash for defective service
of process.  As of that date, ACE and HSBC had not been served.  Accordingly, the Court
ordered Parillon to document his efforts for effecting service on ACE and HSBC by March 17,
2010.  To date, Parillon has not responded.
      Parillon must serve F&M, ACE, and HSBC by April 15, 2010, or those defendants will
be dismissed.  See Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120 days after the
complaint is filed, the court — on motion or on its own after notice to the plaintiff — must
dismiss the action without prejudice against that defendant or order that service be made within a
specified time.").

### A.      Standard

The defendants argue that Parillon's complaint must be dismissed because it fails to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion, a plaintiff must plead plausible, not merely conceivable, facts in support of his claim.  See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).  The complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 1965.  The Court must, however, "assume the veracity [of well-pleaded factual allegations] and then determine whether they plausibly give rise to an entitlement of relief."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

In deciding the motion, the Court will consider the facts stated in the complaint and any attached documents.  Biospherics, Inc., v. Forbes, Inc., 989 F. Supp. 748, 749 (D. Md. 1997), aff'd, 151 F.3d 180 (4th Cir. 1998).  The Court may also consider documents referred to in the complaint and relied upon by the plaintiff.  Id.  The Court must liberally construe pro se pleadings such as Parillon's.  See, e.g., Boag v. MacDougall, 454 U.S. 364 (1982).

### B.      Analysis

As a threshold matter, several of the claims include allegations of misconduct by Wells Fargo.  The complaint, however, includes no specific information regarding Wells Fargo's role in the events at issue.  Further, Wells Fargo does not appear in any of the documents referred to by Parillon.  Accordingly, Wells Fargo will be dismissed.

The Court will next address each of Parillon's counts in turn.

#### 1.      Count One: Claim for Quiet Title

Count One seeks a judicial declaration that title to 700 Sonne Drive is vested in Parillon alone.  Compl. ¶ 18.  Parillon alleges that the defendants "are seeking to hold themselves out as

the fee simple owners of the subject premises" and that they "have no right, title, or estate in the SUBJECT PROPERTY." Id. ¶ 16.

Parillon's allegations, however, do not set out any basis for the relief he seeks. As discussed above, Parillon executed a deed of trust granting the mortgagee an interest in his property. Accordingly, other parties have an interest in his property, and Count One will be dismissed.

### 2. Count Two: Claim under the Maryland Protection of Homeowners in Foreclosure Act

Count Two is brought under the Maryland Protection of Homeowners in Foreclosure Act ("PHIFA"). Parillon seeks recission of the loan agreement and punitive damages. As the basis for this relief, he alleges that the Defendants' conduct "was oppressive, malicious, and fraudulent, and undertaken with complete disregard for Plaintiff [sic] legal and property." Compl. ¶ 19.

PHIFA applies to persons offering loss mitigation consulting, foreclosure prevention, mortgage loan modification, or similar services. See generally Md. Code Ann., Real Prop. §§ 7-301-322 (LexisNexis 2009). The statute prohibits these persons from engaging in certain practices. Id. § 7-307. To protect consumers, PHIFA provides that "the homeowner of a residence in default has the right to rescind a contract for the sale or transfer of the residence in default within 5 days after the execution of the contract." Id. § 7-310(a). Further, "a homeowner may bring an action for damages incurred as the result of a practice prohibited by [the statute]." Id. 7-320.

As pled, this claim is factually and legally inadequate. Parillon has not alleged that any of the defendants fall within the statutory definition of "mortgage consultants," nor has he alleged that any of the defendants engaged in practices prohibited by the statute. Accordingly,

Count Two will be dismissed.

### 3.      Count Three: Recission Based on Fraud

Parillon claims that he is entitled to recission of the loan agreement because the

Defendants "failed to inform Plaintiff that they had the right to receive the Notice of Default in

order to satisfy the due process requirements of notice."  Compl. § 22.  Parillon further alleges

that "the defendants intentionally failed to disclose the foregoing facts" when he executed the

loan agreement on April 18, 2006.  Id.

Under Maryland law, a fraud claim requires proof that a "defendant made a false

representation to the plaintiff."  Maryland Env'tal Trust v. Gaynor, 370 Md. 89, 97 (2002).

Parillon's complaint does not identify any false representations by the defendants, nor does he

allege any of the other elements of a fraud claim.  Therefore, Count Three will be dismissed.

### 4.      Count Four: Unfair Debt Collection Practices

Count Four alleges that the defendants violated the Fair Debt Collection Practice Act, 15

U.S.C. §§ 1692-1692p (the "FDCPA"), and unspecified portions of the Maryland Civil Code.

Based on these alleged violations, Parillon seeks an order enjoining the defendants from

proceeding with the foreclosure.

The FDCPA generally applies only to debt collectors.  See Scott v. Wells Fargo Home

Mortg., Inc., 326 F. Supp. 2d 709, 717 (E.D. Va. 2003) (citing Pollice v. National Tax Funding,

225 F.3d 379 (3d Cir. 2000)).  The statute exempts from liability entities attempting to collect

their own debts, mortgagors, and mortgage servicing companies.  § 1692a(6); see Scott, 326 F.

Supp. 2d at 717.  Further, equitable relief is not available to an individual under the FDCPA.  See

Sibley v. Fulton DeKalb Collection Service, 677 F.2d 830 (11th Cir. 1982).  Accordingly, Count

Four will be dismissed.

### 5.     Count Five: Unfair Business Practices

Count Five alleges that HSBC, Fremont and Litton engaged in unlawful business practices by failing to comply with disclosure requirements under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, and the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1700.[3]  Parillon seeks restitution, an injunction, attorneys' fees, and costs for these alleged violations.

Each of these claims arises out of the loan agreement executed on April 18, 2006.  Litton, which was not a party to that transaction, will be dismissed.  Parillon's claims for damages under TILA were time-barred as of April 19, 2007.  See 15 U.S.C. § 1640(e) (providing that actions for damages under TILA must be brought "within one year from the date of the occurrence of the violation").  Likewise, Parillon's claim for damages under RESPA were time-barred as of April 19, 2007 and April 19, 2009.  See 12 U.S.C. § 2614 ("Any action pursuant to the provisions of section 2605, 2607, or 2608 . . . may be brought within 3 years in the case of a violation of section 2605 . . . and 1 year in the case of a violation of section 2607 or 2608 . . . from the date of the occurrence of the violation. . . .").

Although Parillon's claims for equitable relief are not time-barred, he has not set out an adequate legal or factual basis for the relief he seeks.  Count Five consists entirely of conclusory allegations.  See Compl. ¶¶ 30-32 ("Plaintiff alleges that the statutory violations and unlawful practices and acts of defendants . . . aforementioned in the Complaint, constitute unlawful business practices. . . .  Plaintiff allege[s] that defendants misconduct, as alleged herein, gave,

---

[3] Count Five also alleges violations of the PHIFA and Title 17 of the Maryland Business Occupations and Professions Code.  The Court previously addressed Parillon's PHIFA claims. See Part II.B.2 supra.  The Maryland Business Code claims must be dismissed, however, because Title 17 only applies to real estate brokers, and Parillon has not alleged that that any of the named defendants is a real estate broker.

and have given, defendants an unfair competitive advantage over their competitors.").

Accordingly, Count Five must be dismissed.

### 6.      Count Six: Breach of Fiduciary Duty

In Count Six, Parillon alleges that the defendants owed him fiduciary duties "as the

lender, trustee, mortgage broker, and real estate agent."  Compl. ¶ 38.  Parillon alleges that the

defendants breached these duties by "failing to Provide Plaintiff with . . . disclosure notices

required by [Maryland law]."  Compl. ¶ 39.  Maryland courts, however, do not recognize a

separate tort of breach of fiduciary duty.  See Kann v. Kann, 344 Md. 689, 713 (1997).

Accordingly, Count Six will be dismissed.

### 7.      Count Seven: Breach of Contract

Count Seven is pled as a breach of contract claim.  Parillon, however, does not identify a

term set forth in the Loan, the Deed of Trust, or any other contract, that a named defendant

breached.  Instead, Parillon alleges that Fremont and Linton "did not inform Plaintiff that they

had a statutory duty to provide Plaintiff with the entire loan document."  Compl. ¶ 44.  This

allegation is insufficient to establish a breach of contract.  Accordingly, Count Seven will be

dismissed.

### 8.      Count Eight:  Violation of 15 U.S.C. § 1639

Count Eight alleges a violation of 15 U.S.C. § 1639(h), which is part of TILA.  Section

1639(h) provides that "[a] creditor shall not engage in a pattern or practice of extending credit to

consumers . . . based on the consumers' collateral without regard to the consumers' repayment

ability. . . ."  Parillon has not alleged any facts to establish that a defendant engaged in such a

practice.  Rather, in this count, Parillon merely reiterates his claim that the defendants failed to

comply with the disclosure requirements of state and federal law.  Accordingly, Count Eight will

be dismissed.

## II.      Conclusion

In sum, Parillon has filed a conclusory complaint that fails to state any grounds upon which the loan to him might be invalidated or the foreclosure enjoined.  For the foregoing reasons, the Court will, by separate Order of even date, GRANT the motions.


<u>          /s/          </u>
Benson Everett Legg
United States District Judge